# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERRY GROVER,
    Plaintiff,

 v.              Case No. 08C0960

STEVEN BISKUPIC, et al.,
    Defendants.

## ORDER

  Pro se plaintiff Jerry M. Grover brings this action alleging that various defendants violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments by conspiring to prosecute him unfairly. Because I find the complaint too confusing to understand and fails to state a claim upon which relief can be granted, I will dismiss it without prejudice while giving plaintiff leave to file an amended complaint.

  District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, the complaint must satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8.

  I previously screened plaintiff's complaint and determined that it failed to state a claim because he had failed to request relief. See Fed. R. Civ. P. 8(a)(3). Plaintiff has now filed an amended complaint seeking $300,000 from each defendant, requesting that

defendant Julie A. Smiley be prosecuted for federal extortion and forgery crimes, and that this court recommend a full pardon for his previous conviction. Even liberally construing his claims, it is clear that he is not entitled to receive a pardon or to prosecute a party on criminal charges. Furthermore, to the extent Plaintiff names defendants in their official capacities or otherwise makes claims against the United States, those claims are barred by sovereign immunity. See United States. Kauffman v. United States, 840 F.Supp. 641, 648 (E.D. Wis.1993). Thus I will consider only his claim for damages against defendants in their individual capacities.

The Supreme Court has authorized the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. Bivens v. Six Unknown Agents, 403 U.S. 388, 397 (1971). Under Bivens, plaintiff may bring a cause of action for damages for unconstitutional conduct against federal agents in their individual capacity acting under color of federal authority. Bivens, 403 U.S. at 389. The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in October 2003, Scott D. Obernberger (presumably his attorney) and Assistant U.S. Attorney Mel S. Johnson and probation officer Frederic T. Robinson attempted to release him from incarceration and place him into community confinement. Plaintiff claims that this violated his due process rights and was an illegal attempt at a second prosecution in violation of his rights to be free from multiple prosecution. I will dismiss the claim for failure to state a claim upon which relief could be granted. At most, it appears as if plaintiff has alleged that defendants participated in a

2

hearing concerning the terms of his supervised release. Possible placement into community confinement on supervised release is not a new sentence and a release hearing is not a second prosecution. In any event, Johnson would be immune from such allegations under prosecutorial immunity. See Butz v. Economou, 438 U.S. 478, 509-11 (1978). As for defendants Robinson and Obernberger, it is not clear what they are alleged to have done, if anything. As alleged, plaintiff cannot show a violation of his rights.

Plaintiff next alleges that defendants Robinson, Joann Coates, and Trudi A. Schmitt threatened to revoke his supervised release unless he submitted to an illegal search and seizure of his DNA in violation of his Fourth Amendment rights. However, collection of DNA samples from supervised releasees has been held not to be a violation of the Fourth Amendment. U.S. v. Hook, 471 F.3d 766, 773 (7th Cir. 2006); Green v. Berge, 354 F.3d 675 (7th Cir. 2004). Because plaintiff provides no basis for his claim other than the mere allegation that defendants took a DNA sample, I dismiss the claim.

Plaintiff finally alleges that defendants Jennifer M McCauley, Julie A. Smiley, Terri L. Full, and Coates illegally increased the size of his fine by reviewing his tax records and assessing interest and penalties. I will dismiss this claim for failure to state a claim. Federal law authorizes assessment of interest and penalties on unpaid fines, see 18 U.S.C. § 3612, and such liens continue for up to twenty years. 18 U.S.C. § 3613(c).

3

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 4th day of December, 2009.

/s_____
LYNN ADELMAN
District Judge